## THE NEW YORK SENSATION.

### HAMILTON *v.* THE NEW YORK SENSATION.

### HOMER *v.* SAME.

*(Supreme Court, General Term, Fifth Department. October 23, 1891.)*

1. **LIEN ON CANAL-BOAT—RIGHTS OF MATERIAL-MAN.**
   In proceedings for the distribution of the proceeds of the sale of a canal-boat under builders' liens, it appeared that H. had contracted with B. to build for the latter the whole of the boat for a stated sum, and that he had then applied for a lien. C. also applied for a lien, mentioning in his application that B. was the person who incurred the indebtedness to H., and admitting in his answer that the lien of H. was prior to his own, but alleging that the boat was built by H. and B. together under an agreement, and that H. was interested as owner. There was nothing in the agreement nor in the evidence to show that H. was to remain the owner until the boat was completed. *Held*, that H. was entitled to a lien as a person who, under Laws N. Y. 1862, c. 482, had bestowed work and furnished materials for the building of the boat.

2. **SAME—DISTRIBUTION OF PROCEEDS.**
   The objection of C., that he had received no notice of the application for the distribution of the proceeds of sale, cannot be regarded, when his application was not to set aside the order of distribution for want of proper notice, but to reverse it because the proceeds had not been awarded to him.

Appeal from Erie county court.

This was a proceeding for the distribution of the proceeds of the sale of a canal-boat known as the "New York Sensation," growing out of attachments under builders' liens, Charles J. Hamilton and Adam Homer claimants. The proceeds were awarded to Homer, and Hamilton appeals. Affirmed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*George Clinton*, for appellant.　　*George W. Cothran*, for respondent.

MACOMBER, J. The proceedings against this canal-boat were taken in pursuance of chapter 482 of the Laws of 1862, and the amendments thereof, and were begun and prosecuted by the respondent, Adam Homer, and resulted in the sale of the boat by the sheriff for the sum of $1,600, which sum, after the expenses were paid, was directed by the order in question to be paid over to the respondent, and from that order this appeal is taken. It is shown by the evidence, and so decided by the county judge, that the respondent, on the 9th day of November, 1889, made a contract with one Chester A. Bell to build for the latter the whole of a canal-boat for the sum of $2,000, under the terms, as to payment, as in the findings are particularly disclosed. The work, it is shown, was completed, together with certain extras, within 30 days before May 8, 1890, when the notice of lien was duly filed. An attachment followed, and was issued to the sheriff. Proper proceedings seem to have been taken throughout for the subjection of the canal-boat to the lien of the respondent. The force of the appellant's answer to the petition or application for the distribution of the proceeds of the sale, which asserts that the appellant received no notice of the application for such distribution, cannot be deemed of much importance, inasmuch as his application is not to set aside the order made by the county judge for want of proper notice, but rather to reverse it on the ground that the sum has been awarded to the wrong party. In view of the testimony and of the findings of fact, it also appears to us that the contention made by the learned counsel for the appellant, that the respondent could not enforce the lien claimed, because he was not of the description of persons whom the statute so intended to benefit, but, on the contrary, was in reality the owner of the vessel, cannot prevail upon this appeal. In the application for the lien by the appellant under date of May 21, 1890, Chester A. Bell is mentioned as the person who incurred the indebtedness to the applicant as the builder of this canal-boat. The bill of items runs as follows: "C. J. Hamilton, sold to boat Sensation. Per Mr. Bell." In the further document or answer filed by the appellant it is conceded that the respondent was prior to him in the lien. But it is denied that Chester A. Bell was the sole owner of the vessel, but that, on the contrary, the vessel was built by Homer and Bell under an agreement which is set forth as an appendix to the answer. But there is nothing in the agreement, nor in the evidence, to show that Homer was to remain the owner of the vessel until it was completed. On the contrary, the case shows that it was clearly contemplated by the parties that Homer was a contractor for Bell, and as such was entitled to his lien for the unpaid moneys for constructing the canal-boat. The statute expressly gives the lien to a person who has bestowed work or furnished materials for the building of the vessel. Laws 1862, c. 482, § 1. The order appealed from should be affirmed, with costs. All concur.